UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
JORDAN A. GOODWIN,              :         CASE NO. 1: 20 CV 825
                                                :
    Plaintiff,                           :
                                                :
vs.                                             :         OPINON & ORDER
                                                :
JUDGE ROBERT McCLELLAND,   :
                                                :
    Defendant.                         :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Jordan Goodwin has filed a prisoner civil rights complaint against Cuyahoga County Court of Common Pleas Judge Robert McClelland under 42 U.S.C. § 1983. (Doc. No. 1.) He seeks damages on the basis that he has been incorrectly held in the Cuyahoga County Jail in connection with a state criminal case. He seeks $175 in damages for each day he contends he has been wrongfully held in the Jail. (*See id*. at 5.)

Federal district courts are expressly required, under 28 U.S.C. § 1915A, to review any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

The plaintiff's complaint must be dismissed under § 1915A.

Case No. 20-cv-825
Gwin, J.

First, it is well-established that judges and other court officers enjoy absolute immunity from suits seeking monetary damages on claims arising out of the performance of judicial or quasi-judicial functions. *See Wappler v. Carniak*, 24 F. App'x 294, 295-96 (6th Cir. 2001). The plaintiff seeks damages from a defendant who is immune from his damages suit.

Second, "*habeas corpus* is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). In order for a plaintiff to pursue a damage claim under 42 U.S.C. § 1983 for an "allegedly unconstitutional conviction or imprisonment," a plaintiff must first demonstrate that the conviction or imprisonment at issue has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 486-87. The plaintiff has not alleged or demonstrated that his challenged confinement has been invalidated or called into question in any of the ways articulated in *Heck*.

## Conclusion

Accordingly, the plaintiff's complaint against Judge McClelland is dismissed pursuant to 28 U.S.C. § 1915A. In light of this ruling, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated:  February 17, 2021                *s/  James S. Gwin*
                                                                     JAMES S. GWIN
                                                                     UNITED STATES DISTRICT JUDGE